United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| Edward Chapman, ) | 18-10468-NMG-13 |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court is a letter from defendant Edward Chapman ("Chapman" or "defendant") (Docket No. 1452) containing objections to the updated Presentence Report ("PSR") prepared by the United States Probation Office in anticipation of Chapman's re-sentencing which occurred in November, 2024.

The objections are untimely and moot. They were also submitted by defendant, pro se, at a time that he is still represented by counsel which is unacceptable. Nevertheless, the Court will address the letter to alleviate any confusion on defendant's part.

Pursuant to Fed. R. Crim. P. 32(e)(f), defendant was required to state in writing any objection to the PSR within 14 days of receiving it. Defendant neither submitted objections in writing prior the hearing nor raised any objections at the

hearing itself. He now attempts to raise objections more than four months after the re-sentencing and the commencement of his new term of incarceration.

In any event, defendant's objections to the PSR would not have affected the term of incarceration imposed by this Court at the re-sentencing. First, Chapman was assigned six criminal history points in the PSR, not 12, as he asserts in his letter. Second, the inclusion of reference to any pending charge in the PSR did not affect the sentence imposed.

A PSR contains all prior criminal records for a defendant, Fed. R. Crim. P. 32(d)(2)(A)(i), including any charges pending at the time of the sentencing, see, e.g., United States v. Rodríguez-Reyes, 925 F.3d 558, 561 (1st Cir. 2019); United States v. Thompson, 681 Fed. App'x 8, 9 (1st Cir. 2017). However,

> charges that are merely pending against a defendant may not be counted as part of the defendant's criminal history unless the defendant admits to the criminal conduct underlying the charge.

United States v. Juvenile PWM, 121 F.3d 382, 384 (8th Cir. 1997); see, e.g., United States v. Wilson, 185 Fed. App'x 6, 10 (1st Cir. 2006). As the PSR makes clear, the Probation Office correctly did not assign criminal history points for any pending charges against defendant.

Nor did any pending charges otherwise weigh in this Court's sentencing decision. Although a sentencing court may consider pending charges in deciding whether to depart upwardly from defendant's guideline range, id. (citing U.S.S.G. §4A1.3(a)(2)(E)), the court cannot take those charges into account unless it finds that "there is proof by a preponderance of the evidence that the defendant engaged in the underlying conduct alleged." United States v. Mojica-Ramos, 103 F.4th 844, 852 (1st Cir. 2024) (citing United States v. Rivera-Ruiz, 43 F.4th 172, 181-82 (1st Cir. 2022).

Here, the Court neither found proof of criminal conduct underlying the pending charge nor chose to depart upwardly from the guideline range when re-sentencing defendant. As such, any pending charges described in the PSR had no effect on the Court's sentencing decision in this case.

### ORDER

For the foregoing reasons, defendant's objections (Docket No. 1452) are **OVERRULED as moot.**
**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: May 14, 2025