```
                United States District Court
                   District of Massachusetts
```

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 18-10468-NMG |
| Edward Chapman, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

GORTON, J.

Pending before the Court the Renewed Motion for Compassionate Release pursuant to 18 U.S.C. §3582 (Docket No. 1453) of defendant Edward Chapman ("Chapman" or "defendant"). Defendant filed a similar motion in July, 2022, which was denied without prejudice. Because the Court concludes that no extraordinary and compelling reasons exist to justify his early release, the motion will be denied.

I.  **Background**

The background of Chapman's criminal history and sentencing is described in the Court's first denial of compassionate release (Docket No. 1222) and need not be reiterated here.

In the pending motion, Chapman argues that several of the medical issues cited in his original motion have not improved. Specifically, he alleges that he has high blood pressure, diabetes, a heart condition, seizures and a metal foreign object

-1-

inside his abdomen which the government refuses to remove. These facts are substantially similar to those in his original motion, albeit more severe due to the ongoing nature of the purported ailments.

Furthermore, Chapman is now concerned about his eight-year-old son who has been in the custody of a family friend. Chapman contends that his compassionate release is now necessary because his friend has recently relinquished her duties as the child's primary caregiver.

The government opposes the motion. It argues that Chapman's medical condition has remained unchanged since the denial of his first motion for compassionate release and that the motion does not warrant reconsideration. With respect to the metal object in Chapman's abdomen, the government asserts that it is Chapman, rather than the government, who has impeded further diagnostics and care.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if it finds that there are "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. §3582(c)(1)(A)(i). Even if "extraordinary and compelling reasons" exist, a court should only grant a motion for release if it determines that the reduction is

warranted under the particular circumstances of the case. See United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021).

In 2023, after the Court ruled on Chapman's first §3582 motion, the United States Sentencing Commission ("the USSC") clarified the meaning of "extraordinary and compelling reasons" within the context §3582(c)(1)(A)(i). As applicable to the pending motion, the updated guidance outlines medical and familial circumstances which qualify a defendant for relief under the statute.

### A. Application

#### i. Medical Circumstances

Defendant suggests that his medical circumstances qualify as extraordinary and compelling under the new USSC guidance. Specifically, the guidelines now provide the following as circumstances which the Court should consider in applying §3582(c)(1)(A):

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health

>  emergency declared by the appropriate federal, state, or local authority;
>
>  (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
>  (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1). Chapman explains that 1) the metal object in his abdomen requires specialized treatment which he is not currently receiving and 2) his medical condition places him at an increased risk of contracting COVID-19.

The Court concludes that the amended guidelines do not alter the situation. With respect to the metal foreign object, Chapman has made no showing that the government refuses to treat his condition. Rather, his medical history indicates that he has repeatedly refused to follow the government's recommendation for further testing or treatment. Chapman has also made no showing that FCI Edgefield, where he is currently incarcerated, is the subject of any ongoing outbreak of an infectious disease or public health emergency.

### ii. Familial Circumstances

Next, Chapman portends that his release is warranted based upon the need to become the primary caretake to his eight-year-

old son. The guidelines state that the "death or incapacitation of the caregiver of the defendant's minor child" may qualify as an extraordinary and compelling reason for release, U.S.S.G. 1B1.13(b)(3)(A), but that is unavailing. Chapman has made no allegations that his son's caregiver has died or become incapacitated, only that she has recanted her decision to care for the child. With respect to his claim that he is the only replacement caregiver, courts in this circuit have repeatedly held that conclusory statements regarding familial circumstances are insufficient to establish extraordinary and compelling reasons for release. See, e.g., United States v. Hodges, No. 2:23-CR-00048-JAW-1, 2025 WL 1796098, at *8 (D. Me. June 30, 2025); United States v. Figueroa-Gibson, No. CR 16-802 (RAM), 2024 WL 376432, at *6 (D.P.R. Jan. 31, 2024); United States v. Cameron, No. 1:13-CR-00001-JAW-1, 2024 WL 5090191, at *15 (D. Me. Dec. 12, 2024). Further, documentation submitted by Chapman indicates that "family is currently being vetted for potential placement" of his son.

Furthermore, the Court notes that even if Chapman's medical or familial circumstances rose to the level of extraordinary and compelling, his criminal history counsels against early release. Chapman's sentence reflects the severity and history of his drug offenses, and any reduction in that sentence would fail to account for the dangerous nature of those crimes.

## ORDER

For the forgoing reasons, defendant's Renewed Motion for Compassionate Release (Docket No. 1453) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: February 11, 2026